**In re NATURAL LAND CORPORATION,
Debtor.**

**Bankruptcy No. 83–761–6P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 18, 1988.

Raymond Rotella, Orlando, Fla., for Natural Land.

Phillip Logan, Sanford, Fla., for Baker Farms.

## ORDER ON MOTIONS TO DISBURSE SUPERSEDEAS BOND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case and the matter under consideration are two competing Motions, one filed by Natural Land Corporation (Natural Land), the Debtor in the above-captioned case, and one by Baker Farms, Inc. (Baker Farms). Both Motions seek an order from this Court to determine whether or not Natural Land is entitled to recover a cash supersedeas bond posted by it during the pendency of the Chapter 11 in connection with two appeals, one in the District Court, and the other in the Eleventh Circuit Court of Appeals. Counsel for Baker Farms also contends that his client is entitled to an award for attorney fees out of the supersedeas bond for his services rendered to his client in conjunction with this Chapter 11 case, including the two appeals. In order to put the issue presented by the two Motions in proper focus, a recap of the procedural background which is without dispute would be helpful and as appear from the record is as follows:

On August 22, 1983, Baker Farms, filed a foreclosure action of its second mortgage of certain real property and obtained a Summary Final Judgment in Foreclosure. The Summary Final Judgment determined that the obligation owed to Baker Farms secured by its mortgage was $847,141.50, which included attorney fees of $9,221.41, based on stipulation of the parties, less the sum of $1,810. The purpose of this deduction is not clear but it is not relevant. The final judgment directed that the property shall be sold at foreclosure sale on September 30, 1983. Natural Land, an entity who was not a party to the foreclosure action simply because it had no cognizable interest in the subject land, acquired title from its predecessor-in-interest whose interests had been foreclosed in the state court proceeding after the entry of the Final Summary Judgment, and filed a Voluntary Petition for Relief on September 20, 1983, or ten (10) days prior to the scheduled foreclosure sale. As a result of the voluntary Chapter 11 Petition filed by Natural Land, the scheduled sale was cancelled. Baker Farms promptly filed a Motion to Dismiss the Chapter 11 urging that the Petition was filed in bad faith thus it should be dismissed "for cause" pursuant to § 1112(b). Baker Farms' Motion was heard in due course and on February 3, 1984 this Court entered an Order granting Baker Farms' Motion and dismissed the Chapter 11 case. Natural Land timely filed a Notice of Appeal and filed, pursuant to an agreement of the parties, a supersedeas bond which initially provided a monthly payment of $8,000 into the registry of the Court. On April 29, 1985, the District Court entered an Order and affirmed this Court's Order of Dismissal. Natural Land, having been aggrieved by the District Court's decision, filed a Notice of Appeal with the Eleventh Circuit Court of Appeals and posted additional sums as supersedeas which amount, with accrued interest, now stands in excess of $235,000.

On August 21, 1987, the Eleventh Circuit Court of Appeals affirmed this Court's initial Order of Dismissal and, of course, the Order of the District Court approving this Court's decision. In the interim, counsel for Baker Farms, on February 7, 1987, filed a Motion in the Circuit Court where the foreclosure action was pending and apparently sought a modification of the original final judgment entered on August 22, 1983. Nothing further happened in the Circuit Court or in this Court until January 8, 1988 when counsel for Baker Farms filed a Motion in the Circuit Court and sought an amended final judgment. In due course the Circuit Court entered an amended final judgment in the principal amount of $1,243,973.03 which included an award of attorney fees to counsel for Baker Farms in the amount of $35,000 thus raising the original award of $9,221.41 by $25,778.59. It is without dispute that in January, 1988 Natural Land paid Baker Farms in full on its judgment which, of course, included the award of $35,000 attorney fees and received a release of its mortgage on the subject property.

It is the contention of counsel for Baker Farms that he is entitled to receive a payment out of the supersedeas bond as additional attorney fees in the amount of $16,167.50 which includes a cost reimbursement of $167.50. In addition, Baker Farms also seeks an unspecified amount to compensate it for alleged damages caused by the delays encountered in the enforcement of its valid mortgage lien on the subject property due to the unwarranted intervention of a bankruptcy case instituted by Natural Land, an entity which had no interest in the subject property prior to the entry of the original final judgment, which bad faith filing caused a serious adverse impact on Baker Farms' cash flow. In opposing Baker Farms entitlement to any monies out of the supersedeas bond, counsel for Natural Land points out that counsel for Baker Farms received a full and complete satisfaction of his claim for his services by the Circuit Court which increased the original award from $9,221.41 to $35,000 even though there were no meaningful services rendered by counsel for Baker Farms in the Circuit Court after the entry of the final judgment and all additional sums awarded by the amended final judgment were in recognition by the

Circuit Court of his services rendered in the Bankruptcy Court. Therefore, so contends counsel for Natural Land, counsel for Baker Farms having already received full compensation for his services, he is not entitled to any additional award out of the funds put up by Natural Land as supersedeas in connection with the two appeals.

■ Considering the claim of Baker Farms for any additional monies to be paid from the supersedeas bond and to compensate it for the alleged economic loss as a result of the bankruptcy proceeding, this Court is satisfied that this claim for damages is without merit and should be denied. Baker Farms contends that as a result of the intervention of the unjustified bankruptcy case, found to have been filed in bad faith, its cash flow was substantially impaired for which it should be entitled to be compensated. The fallacy of this contention should be evident when one considers the undisputed facts in this case. It is quite evident that the impairment of its cash flow occurred long before Natural Land ever filed its Voluntary Petition for Relief under Chapter 11. Obviously at the time Baker Farms filed its foreclosure action the previous owners of the property were already in default and were not making any payments on the mortgage. The fact that Baker Farms received no mortgage payments after the Chapter 11 was filed by Natural Land is a non-sequitur and without any significance simply because the dimunition of its cash flow was not caused by the Voluntary Petition for Relief filed by Natural Land. While it is true that, theoretically, Baker Farms would be entitled to be compensated from the supersedeas bond for damages it suffered as a result of the delay caused by the Chapter 11 case instituted by Natural Land, there is nothing before this Court which would properly form the basis or even to speculate what damages, if any, were suffered by Baker Farms as a result of the delay. In sum, this Court is satisfied that Baker Farms is not entitled to any reimbursement of these alleged damages from the supersedeas bond.

■ This leaves for consideration the last item urged by Baker Farms which is additional attorney fees incurred by Baker Farms as the result of the Chapter 11 Petition filed by Natural Land and the attendant delays occasioned by the two appeals. The resolution of this question is not without difficulty primarily because counsel for Baker Farms did receive an additional attorney fee award by the Circuit Court in excess of $25,000 for his services rendered to Baker Farms, which award has been paid in full by Natural Land. In countering this proposition, counsel for Baker Farms insists that the additional award granted by the state court was not at all compensation for his services rendered in the Bankruptcy Court but merely a readjustment of the original fee awarded which was based on a stipulation of the parties which was way below the reasonable fee ordinarily awarded in mortgage foreclosure actions and was kept only low because of the agreement of the parties at that time. Thus, it is clear that this issue ordinarily could only be resolved by a determination as to the basis for the additional award granted to counsel for Baker Farms by the Circuit Court. Not having the benefit of a transcript of the hearing on Baker Farms' Motion to amend the final summary judgment nor the decision of the Circuit Judge specifying the reason for the additional award, this Court is satisfied that counsel for Baker Farms is entitled to receive compensation for his services in the Bankruptcy Court out of the supersedeas bond based on the history of this case. This conclusion is further supported by the undeniable fact that the Circuit Court's power to award attorney fees is obviously limited to services rendered by attorney for mortgagee in connection with the foreclosure action and the Circuit Court certainly has no power to award attorney fees to counsel for services rendered to his client in the Bankruptcy Court. Although the documentation supporting the Motion failed to state the time spent by counsel for Baker Farms, this Court takes judicial notice of the proceedings which actually occurred before this Court and having considered two appeals, one in the District

818

Court and one in the Eleventh Circuit Court of Appeals, this Court is satisfied that the sum of $16,167.50 for his services is not unreasonable.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion by Debtor to Disburse Supersedeas Bond currently in the registry of the Court be, and the same is hereby, granted and the Clerk of the Bankruptcy Court shall refund to counsel for Natural Land the amount of money currently held as supersedeas bond in the registry, less the sum of $16,167.50. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Baker Farms to Disburse Supersedeas Bond be, and the same is hereby, granted and the Clerk of the Bankruptcy Court shall remit to counsel for Baker Farms out of the supersedeas bond the sum of $16,167.50.